Corey E. Taylor (Bar No. 178501)
Law Office of Corey E. Taylor, APC
629 Camino de los Mares, Suite 305
San Clemente, CA 92673
Tel. (949) 429-3481
Fax. (949) 271-2704
E-Mail: corey@taylorlawoc.com

Attorney for Defendant Milan Tuscany, LLC,
a California limited liability company

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anthony Bouyer, an individual,<br><br>　　Plaintiff,<br><br>vs.<br><br>Milan Tuscany, LLC, a California limited liability company; and DOES 1–10, Inclusive,<br><br>　　Defendants. | Case No.: 2:20-cv-07605-RGK (ASx)<br><br>**Memorandum of Points and Authorities in Support of Motion for Relief from Default**<br><br>**[Notice of Motion, Supporting Declaration of Corey E. Taylor, Stipulation of Counsel, Proposed Order, and Answer to Complaint Filed Concurrently Herewith]**<br><br>Before the Honorable R. Gary Klausner<br><br>Hearing date:  December 7, 2020<br>Hearing Time:  9:00 a.m.<br>Hearing Courtroom:  850 |

# I.
## Introduction

The entry of default against Defendant Milan Tuscany, LLC, a California limited liability company ("**Defendant**") resulted from two events: (1) an agreement between counsel for Defendant and one counsel for plaintiff Anthony Bouyer ("**Plaintiff**") that Defendant would have until October 20, 2020 to respond to the complaint in this matter that was not documented via stipulation as of October 16, 2020 (the date of entry of default) and (2) another of Plaintiff's counsel not being aware of the agreement with Defendant reached by another of Plaintiff's counsel. In other words, Defendant had a documented extension in place with one of Plaintiff's attorneys at the time that the other attorney, surely unknowingly, sought default.

Good cause exists under Federal Rule of Civil Procedure Section 55(c) to grant the requested relief because:

- The default was entered as a result of surprise: At the time that default was entered on October 16, 2020, the parties had an agreement extending Defendant's time to respond to October 20, 2020, later extended to the 30 day limit allowed by Local Rule 8.3. Declaration of Corey E. Taylor ("**Taylor Decl**.," ¶¶ 2-7, Exhs. "A" and B." *Hutton v. Fisher* (3d Cir. 1966) 359 F.2d 913, 915.

- Plaintiff does not oppose the relief sought, and, in fact, has stipulated to it. Taylor Decl., ¶ 7, Exh. "B."

- No prejudice will result from the relief sought: this case will be at issue and ready to proceed by December 7, 2020, just over three months after it was filed. Taylor Decl., ¶¶ 8.

- Defendant has valid defenses to the matters complained of in the complaint, as evidenced by the proposed answer filed concurrently herewith. Taylor Decl., ¶ 9, Exh. "C."

- Relief was promptly sought. Taylor Decl., ¶¶ 7-8, Exh. "B."

## II.

## Timeline of Events

A brief summary of events is helpful to explain why good cause exists to grant Defendant relief from default:

- This matter was filed on August 21, 2020. Taylor Decl., ¶ 3.
- The complaint was served by substitute service on September 2, 2020, making Defendant's response due by October 5, 2020. *Id*.
- On September 22, 2020 – before Defendant's time to respond to the complaint had come – counsel for the parties (Phyl Grace for Plaintiff and Corey Taylor for Defendant) reached agreement via telephone and email that Defendant would have until October 20, 2020 to file a responsive pleading to the complaint. Taylor Decl., ¶ 4, Exh. "A."
- On October 16, 2020, counsel for Plaintiff Joseph Manning, Jr. – and not counsel for Plaintiff Phyl Grace who had reached agreement with counsel for Defendant – sought and obtained Defendant's default. Taylor Decl., ¶¶ 5-6, Exh. "A."
- On October 20, 2020, counsel for the parties extended Defendant's time to respond further. Taylor Decl., ¶ 5, Exh. "A."
- Later that same day, counsel for Defendant learned of Defendant's default and, the next day, obtained Plaintiff's agreement to set aside the default. Taylor Decl., ¶ 6, Exh. "A."
- On October 28, 2020, less than two weeks after the default was entered, Defendant filed a stipulation and proposed order to set aside the default and allow Defendant until November 4, 2020 to respond. Taylor Decl., ¶ 7, Exh. "B."
- On November 2, 2020, Defendants learned that the Order setting aside default was denied by the Court. Taylor Decl., ¶ 8.

- This motion was filed on November 4, 2020: within two days of learning that the order was denied, and within the thirty day extension period allowed by Local Rule 8.3. *Id.*

### III.
### Supporting Law

Federal Rule of Civil Procedure 55(c) states, in pertinent part: "The court may set aside an entry of default for good cause. . . ."

Many courts hold that the showing of "good cause" required for relief from entry of default under Rule 55(c) is not as high a burden as that required for relief from a default judgment under Rule 60(b). *See, e.g., Johnson v. Dayton Elec. Mfg. Co*. (8th Cir. 1998) 140 F3d 781, 783. Courts in the Ninth Circuit consider the following three factors to be most important when setting aside a default: whether the defendant's culpable conduct led to the default, whether the defendant has a meritorious defense, and whether reopening the default judgment would prejudice the plaintiff. *TCI Group Life Ins. Plan v. Knoebber* (9th Cir. 2001) 244 F.3d 691, 696, as amended on denial of reh'g and reh'g en banc (May 9, 2001). That said, other factors may be relevant as well, including the nature of defendant's explanation for the default, the good faith of the parties, the amount of money involved, and the promptness of defendant's motion to set aside the entry of default. *Indigo America, Inc. v. Big Impressions, LLC* (1st Cir. 2010) 597 F.3d 1, 3.

As concerns the facts at bar pattern, the case of *Hutton v. Fisher* (3d Cir. 1966) 359 F.2d 913, 915, is on point. In that case, senior counsel for the plaintiff granted counsel for the defendant an extension of time to respond to the complaint. Before defendant's extended time to respond had run <u>but a full two months later</u>, junior counsel for the Defendant (in good faith and without knowledge of the agreement reached with his superior) requested and obtained an order of default without notice to the defendant and without advising the court of the informal agreement between opposing counsel. Held the court: "<u>In these circumstances we think failure of communication within a law office</u>

should not be permitted to impose a disadvantage upon the opposing party." *Hutton v. Fisher* (3d Cir. 1966) 359 F.2d 913, 915 (emphasis added).

## IV.

### Argument: Each of the Factors Favor Granting Defendant Relief from Default Here – Good Cause Exists.

Applying the relevant factors to the facts at hand demonstrates that relief from default should be granted.

**Whether Defendant's culpable conduct led to the default**. It did not. The default was entered while counsel for Defendant was relying on his oral and written agreement with another counsel for Defendant in the same firm, which agreement provided Defendant until the following week (and, later until the date this motion was filed), to file a responsive pleading. Taylor Decl., ¶¶ 2-7) Exhs. "A" and "B." The facts at bar are on all fours with those in *Hutton, supra.*

**Whether Defendant has a meritorious defense**. As set forth in the proposed Answer lodged concurrently with this motion (Taylor Decl., ¶ 9, Exh. "C") Defendant contends that the subject premises are compliant with the ADA, that Plaintiff did not experience any barriers, and/or that it is entitled to reduced penalties under state law. Further, Defendant should be entitled to challenge any request for attorneys' fees made by Plaintiff should it prevail on is claims under the ADA.

**Whether Plaintiff will be prejudiced**. Plaintiff will not suffer prejudice and, in fact, has stipulated to the relief sought by this Motion. Taylor Decl., ¶ 7, Exh. "B."

**Defendant's explanation**. The default was obtained without notice to Defendant and during a time when counsel for Plaintiff represented to counsel for Defendant that an extension was in place. Taylor Decl., ¶¶ 2-6, Exh. "A." Admittedly, no stipulation per Local Rule 8.3 had been filed by that time, but Defendant's time to file that stipulation had not run as of the October 16, 2020 date of default: Defendant had until November 4, 2020 to file that stipulation. In fact, Defendant did file that stipulation with an order

seeking relief from default on October 28, 2020. That stipulation and order was denied on October 30, 2020.

**Good faith.**  As set forth above, Defendant was operating per the written extension agreement reached when the default was requested by another lawyer representing Plaintiff.  Taylor Decl., ¶ 2.

**The amount of money involved**.  Costs to make the facilities compliant could be quite high:  until experts (such as the parties' respective CASps) reach agreement, the amount in dispute is unknown.

**Promptness**.  Defendant's stipulation and order was filed prior to the expiration of the 30 day time frame in Local Rule 8.3.  This motion was also filed within that time frame, and just two court days after Defendant learned that its prior application was denied. Taylor Decl., ¶ 8.

## V.
## Conclusion

For all of the foregoing reasons, Defendant requests an order granting it relief from default and deeming the concurrently filed proposed answer filed as of the date of the hearing on this motion.

DATED: November 4, 2020

Respectfully submitted,

Law Office of Corey E. Taylor, APC

By:   /S/  Corey E. Taylor
Corey E. Taylor
Attorney for Defendant Milan Tuscany, LLC, a California limited liability company

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this proceeding. My business address is: **629 Camino de los Mares, Suite 305, San Clemente, CA 92673**

A true and correct copy of the foregoing document entitled (*specify*): **Memorandum of Points and Authorities in Support of Motion for Relief from Default** will be served in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 4, 2020, I checked the CM/ECF docket for this proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

PLAINTIFF (via counsel) – Anthony Bouyer – disabilityrights@manninglawoffice.com, pgrace@manninglawoffice.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*), I served the following persons and/or entities at the last known addresses in this proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LR, on November 4, 2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. R. Gary Klausner – Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor via 12th Floor Mandatory Chambers Copy Box, 255 East Temple Street, Los Angeles, CA

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/04/2020 | Corey E. Taylor | /s/ Corey E. Taylor |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |